UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEBBIE L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:07-CV-101 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the Plaintiff's Motion for Judgment on the Pleadings to Reverse the Commissioner's Decision [Doc. 14] and Memorandum in Support [Doc. 15] and the Defendant's Motion for Summary Judgment [Doc. 16] and Memorandum in Support [Doc. 17]. Plaintiff Debbie L. Johnson ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of the Defendant Commissioner.

On December 27, 2004, Plaintiff filed an application for disability insurance benefits, alleging disability beginning January 1, 2005 (Tr. 13). After her application was denied initially and upon reconsideration, Plaintiff requested a hearing. On May 1, 2006, a hearing was held before an Administrative Law Judge ("ALJ") to review determination of Plaintiff's claim (Tr. 478-501). At this hearing, Plaintiff amended her alleged onset of disability to December 31, 2004 (Tr. 13). On

July 12, 2006, the ALJ found that Plaintiff was not disabled because she is capable of performing her past relevant work as an office manager (Tr. 18-19). The Appeals Council denied Plaintiff's request for review (Tr. 5-7), and the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ Findings

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act and is insured for benefits through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision.
>
> 3. The claimant has the following severe impairments: coronary artery disease requiring angioplasty and stenting of the right coronary artery; carotid artery disease requiring right carotid endarterectomy; peripheral vascular disease requiring bi-femoral bypass; aortic disease with ilian artery stenosis; history of ischemic colitis requiring mesenteric arterial bypass and colon restriction; major depression; generalized anxiety disorder; and post traumatic stress disorder (20 C.F.R. §§ 404.1520(c))
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5. The claimant has the residual functional capacity: to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk up to 6 hours each out of an 8 hour day. The claimant cannot perform more than occasional climbing and must avoid concentrated exposure to extreme heat or cold. The claimant can do detailed work. She has a limited, but adequate ability to maintain concentration, persistence, and pace. She can interact appropriately

> in most instances and adapt to moderate levels of stress and change.
>
> 6. The claimant is capable of performing past relevant work as an officer manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. § 404.1565).
>
> 7. The claimant has not been under a "disability," as defined in the Social Security Act, from December 31, 2004 through the date of this decision (20 C.F.R. § 404.1520(f)).

[Tr. 15-20].

## II. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, she is not disabled.

2. If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiffs bear the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### **III.** **Standard of Review**

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

4

might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## **IV.** **Arguments**

On appeal, Plaintiff argues new and material evidence, which was submitted to the Appeals Council, but was not before the ALJ, supports a finding of disability. Plaintiff further argues that the ALJ erred by disregarding the opinion of consultative examiner, Dr. Jodi Castellani, Ph.D, and by finding Plaintiff not to be a credible witness. Finally, Plaintiff contends that the Commissioner's decision below should be reversed outright, and payment of benefits ordered, because the record overwhelming supports a finding of disability in this case. [Doc. 15]. Each of these arguments will be discussed below, in the order they were presented.

The Commissioner, in response, contends that substantial evidence supports the ALJ's decision regarding the issues presented on appeal by Plaintiff. The Commissioner argues that the ALJ correctly concluded that Plaintiff was not disabled, because she is capable of performing her past relevant job as an office manager [Doc. 17].

Plaintiff has the burden of proving her entitlement to benefits. Boyers v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### A. *New and Material Evidence Submitted to Appeals Council*

Plaintiff first asserts that additional evidence submitted after the ALJ's decision of July 12, 2006, likely would have resulted in the ALJ concluding that Plaintiff suffered from a disability. Specifically, Plaintiff contends that a Medical Opinion Form completed by Dr. George K. Brodell ("Dr. Brodell") and submitted by Plaintiff on August 15, 2006, would have substantiated Plaintiff's disability claim.

In its January 22, 2007 decision, the Appeals Council denied Plaintiff's request for review of the ALJ's decision; the Appeals Council advised Plaintiff in reviewing her case, "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council" [Tr. 5]. This additional evidence included the Medical Opinion Form completed by Dr. Brodell, dated April 21, 2006 [Tr. 8]. Thus, this Court finds the Medical Opinion Form at issue as "new and material evidence" was considered by the Appeals Council.

It is well-settled in this Circuit that a federal court may not uphold, modify, or reverse the decision of the ALJ based on evidence submitted first to the Appeals Council where the Council declined to review the case on the merits. See Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). This is true even where the Appeals Council chose in its denial to review to discuss a particular piece of evidence presented to it first on appeal and found that the evidence did not provide a basis for changing the ALJ's decision. See Osburn v. Apfel, No. 98-1784, 1999 WL 503528, at *4 (6th Cir. July 9, 1999), cert. denied, 528 U.S. 1191 (2000); Thompson v. Comm'r of Soc. Sec., No. 97-5873, 1998 WL 476231, at *2 (6th Cir. Aug. 3, 1998); Cline v. Sec'y of Health & Human Servs., 875 F.Supp. 435, 439 (N.D. Ohio. 1995) aff'd, 96 F.3d 146 (6th Cir. 1996).

The Court, however, may remand the matter for further administrative proceedings in light of new evidence, under the sixth sentence of 42 U.S.C. § 405(g) "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Cline v. Comm'r Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996). The Sixth Circuit has found that "[f]or the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceedings." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (citations and internal quotation marks omitted). "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." Elliott v. Apfel, No. 00-5500, 28 Fed. Appx. 420, 423-24, 2002 WL 89668, at *3 (6th Cir. Jan. 22, 2002). "Such evidence is material only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Foster, 279 F.3d at 357 (citations and internal quotation marks omitted). Evidence is material if it probative of the claimant's condition during the time period at issue before the ALJ. See Mingus v. Comm'r of Soc. Sec., No. 98-6270, 1999 WL 503528, at *5 (6th Cir. Aug. 19, 1999). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Foster, 279 F.3d at 357. The mere fact that the evidence was not in existence at the time of the ALJ's decision does not establish good cause. Perkins v. Apfel, No. 00-5801, 2001 WL 845704, at *6 (6th Cir. Jul. 17, 2001). The burden of establishing that remand is appropriate is borne by the plaintiff. See id.

In this case, Plaintiff asserts that the "new and material evidence" from her treating cardiologist, Dr. Brodell "supports a finding of disability." [Doc. 15]. However, in light of the Sixth

7

Circuit jurisprudence outlined above, Plaintiff's assertion is contrary to the law. Thus, although Plaintiff did not request a sentence six remand, but requested reversal of the Commissioner's decision outright, this Court will provide a sentence six remand analysis for the benefit of the parties.

The Medical Opinion Form in this matter does not satisfy all three criteria for a sentence six remand. First, the information contained in the Medical Opinion Form meets the initial requirement of newness, as this document was not considered by the ALJ in rendering his July 12, 2006 decision. As Plaintiff points out, the Medical Opinion Form is dated April 21, 2006 [Tr. 468-70], but Plaintiff avers she was unable to get a copy of the form until July 2006, after the hearing was concluded. While Plaintiff is correct that Dr. Brodell's report is new, she is wrong when she argues it is material. This Court finds it there is no reasonable probability that this new medical report would have caused the ALJ to reach a different conclusion. Dr. Brodell reports Plaintiff had no limitations in terms of sitting or lifting, but that she is limited in her ability to stand (1 hour out of an 8 hour day) and walk (20 minutes at one time) [Tr. 468]. Dr. Brodell further determined Plaintiff is able to frequently bend at the waist, frequently reach above her shoulders, infrequently stand on a hard surface, and frequently use her hands for fine manipulation [Tr. 468]. Dr. Brodell did not recommend Plaintiff needed to elevate her legs, nor did he opine she requires bed rest during a normal work day [Tr. 469]. He further found Plaintiff had no problems with stamina and endurance, which would require more than the usual allotment of breaks given during the work day [Tr. 469]. As to Plaintiff's limitations, Dr. Brodell advised Plaintiff she would have difficulties performing an eight-hour a day, forty-hour work week; suffered moderately severe pain; and could have difficulties in concentration or memory on a regular basis [Tr. 469]. However, Dr. Brodell never concluded nor suggested that Plaintiff cannot work due to her physical limitations, and in fact, advised that Plaintiff

8

does not "have a reasonable medical need to be absent from a full time work schedule on a chronic basis" [Tr. 470]. Thus, the Medical Opinion Form is consistent with the ALJ's determination that Plaintiff's ability to work is reduced due to certain limitations, but that she is capable of performing her past relevant work as an office manager [Tr. 18].

Beyond the materiality problem, Plaintiff has also failed to establish "good cause" for submitting untimely Medical Opinion Form from Dr. Brodell. In Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984), the Court held that in order to "show good cause," the complainant must give a valid reason for failing to obtain the evidence prior to the hearing. Although the Medical Opinion Form was completed on April 21, 2006, which is prior to Plaintiff's hearing and the ALJ's decision, Plaintiff avers she requested the report "immediately", but that the "form was not received by [her] representation until after her hearing" [Doc. 15 at 7]. Beyond requesting the report, Plaintiff could have taken further action to protect her claim. She could have notified the ALJ that additional evidence was forthcoming. She could have informed the ALJ that she wished to supplement the record. These options were available to Plaintiff, but she did not take advantage of them, thus she must live with the consequences. See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 149 (6th Cir. 1996) (finding that failure to notify an ALJ at or following the hearing regarding the need to consider additional medical evidence prevented a claimant from later asserting good cause to submit new evidence).

### B.     *Disregarding the Opinion of Consultative Examiner*

Plaintiff next argues that the ALJ erred by disregarding the opinion of consultative examiner, Dr. Jodi Castellani, and adopting the findings of the non-treating, non-examining State Agency physician, Dr. Victor O'Bryan. The Commissioner argues the ALJ did not "disregard" Dr. Castellani's opinion, but reasonably found it to be consistent with the other evidence in the record.

The Court finds the Commissioner's argument to be persuasive.

Dr. Castellani found that Plaintiff was mildly limited in her ability to understand and remember; able to follow all instructions; and moderately limited in her ability to sustain concentration and persistence, interact socially, and in her ability to adapt [Tr. 172-73]. The Court agrees with the Commissioner that Dr. Castellani's opinion is consistent with the "specific functional assessment of the reviewing state agency psychologist" Dr. O'Bryan, who concluded that Plaintiff could do detailed work; was limited, but could adequately maintain concentration, persistence, and pace; and could interact appropriately in most instances and adapt to moderate levels of stress and change [Tr. 17; 177]. Dr. Castellani did not document symptoms that were inconsistent with the overall record of evidence. As such, the ALJ did not disregard the opinion of Dr. Castellani as Plaintiff claims, nor is the opinion inconsistent with the substantial medical evidence.

### C. Credibility Determinations

Plaintiff argues that the ALJ committed error in finding that she was not a credible witness. Plaintiff contends that the ALJ improperly focused on a few instances in the record that he felt indicated a non-disabling level of limitation and did not follow the dictates under 20 C.F.R. § 404.1529(c)(3) in evaluating her credibility.

The Commissioner argues that the ALJ did not err in evaluating Plaintiff's credibility. The Commissioner contends the ALJ utilized the factors set forth in 20 C.F.R. § 404.1529(c)(3), including the opinions of Plaintiff's treating or examining physicians and Plaintiff's testimony regarding her daily activities. The Commissioner further points out that the ALJ's credibility determinations are entitled to considerable deference. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility

great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Williams v. Comm'r of Soc. Sec., 93 Fed. Appx. 34, 2004 WL 445184, at *2 (6th Cir. Mar. 9, 2004) (citing Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990)).

Although the ALJ considered Plaintiff's ability to do household chores such as laundry, ironing, cleaning, cooking, and washing dishes, as well as her ability to drive, attend church, and care for her husband, who is undergoing chemotherapy, these daily and social activities were not the sole factors considered by the ALJ when determining Plaintiff's residual functional capacity or credibility [Tr. 18-19]. The ALJ's opinion clearly shows that he also considered all of the medical evidence before him, including evidence of Plaintiff's cardiovascular disease, ischemic colitis, peripheral vascular disease, and prescribed medications, which the ALJ determined was a "conservative medical management" for Plaintiff [Tr. 16]. The ALJ further noted that "[n]one of the claimant's treating or examining physicians assigned any limitations to her ability to function and none opined she was disabled." [Tr. 16]. Thus, the record shows the ALJ did review and consider the medical opinions of Plaintiff's treating physicians in conjunction with her testimony regarding her abilities as well as her limitations and pain, which he determined to be not "entirely credible" in light of the entire record [Tr. 19]. All of this evidence, taken together, more than satisfies the substantial evidence standard; therefore, the ALJ did not err in finding that Plaintiff was not a credible witness.

### D. *Reversal of Commissioner's Decision Outright*

Having concluded that the ALJ has not erred in his determination that Plaintiff is not disabled

and that his determination is supported by substantial evidence, the Court declines to reach the question of whether a reversal of the Commissioner's decision outright for a payment of benefits or a remand for further administrative review is the appropriate remedy.

## IV. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions and Plaintiff's credibility to determine she is capable of performing past relevant work as an office manager. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that the Plaintiff's Motion For Judgment on the Pleadings to Reverse the Commissioner's Decision [Doc. 14] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).